IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>                Plaintiff,<br><br>     v.<br><br>**DARRYL TYRONE NORWOOD, JR.,**<br><br>                Defendant. | Case No. 6:14-cr-00122-MC<br><br>**OPINION AND ORDER** |

**MCSHANE, Judge**:

     Defendant Darryl Tyrone Norwood, Jr. seeks a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 to the U.S. Sentencing Guidelines. ECF No. 123. Mr. Norwood is facially eligible for a sentence reduction because his criminal history score included two status points. However, because the § 3553(a) factors weigh against a reduction of his original sentence, Mr. Norwood's Motion is DENIED.

1 – OPINION AND ORDER

## BACKGROUND

On June 16, 2016, Mr. Norwood pled guilty to a single count of sex trafficking of a minor, in violation of 18 U.S.C. §§ 1591(a)(1) and (b)(2). Presentence Investigation Report ("PSR") ¶ 1, ECF No. 106. The PSR, which the Court adopted without change, states that Mr. Norwood had a criminal history score of eight—six points which reflected his prior convictions and two status points because he offended while subject to a criminal justice sentence. *Id*. ¶¶ 32–38. The Court determined that Mr. Norwood's total offense level was 31, and his eight criminal history points made him a Criminal History Category IV offender, resulting in an applicable guideline range of 151–188 months. *Id*. ¶ 53. On November 15th, 2016, the Court imposed a 160-month sentence. Statement of Reasons, ECF No. 110. Mr. Norwood's projected release date is September 30, 2025.

## LEGAL STANDARD

Under 18 U.S.C. § 3582,

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . , the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). This exception "does not authorize a resentencing[,]" but "represents a congressional act of lenity intended to give prisoners the benefit of later enacted adjustments to the judgments reflected in the Guidelines." *Dillon v. United States*, 560 U.S. 817, 831, 828 (2010).

In deciding whether to reduce a sentence under § 3582(c) based on a retroactive amendment to the Sentencing Guidelines, a court must first consider the scope of the reduction authorized by

2 – OPINION AND ORDER

the amendment, and then consider whether such a reduction is warranted based on the factors set forth in 18 U.S.C. § 3553(a). *United States v. Martinez-Rodriguez*, 3:13-cr-00452-HZ-1, 2024 WL 65141, at *1 (D. Or. Jan. 5, 2024) (quoting *Dillon*, 560 U.S. at 826).

## DISCUSSION

On November 1, 2023, Amendment 821 to the Sentencing Guidelines went into effect. *See* U.S. Sent'g Comm'n, Amendment 821, https://www.ussc.gov/guidelines/amendment/821 (last visited Apr. 1, 2024). The amendment applies retroactively. *See* U.S.S.G. § 1B1.10(d)–(e). Part A of Amendment 821 decreases the number of "status points" received under U.S.S.G. § 4A1.1 by individuals who commit their offense while under a criminal justice sentence. *See Martinez-Rodriguez*, 2024 WL 65141, at *2 (explaining the scope of Amendment 821).

It is undisputed that Mr. Norwood is facially eligible for a sentence reduction under Amendment 821. Mr. Norwood's eight criminal history points resulted in a criminal history category of IV. PSR ¶ 38. Absent the two status points, Mr. Norwood's six criminal history points would reduce his criminal history category to III, lowering his applicable guideline range to 135–168 months. Def.'s Mot. 9–10.

Finding that Mr. Norwood is facially eligible for a sentence reduction, the Court next considers any applicable § 3553(a) factors and determines whether to reduce his sentence. *Dillon*, 560 U.S. at 827. Mr. Norwood argues that his substantial rehabilitation while in custody warrants a sentence reduction. To his credit, Mr. Norwood's behavior over the last five years demonstrates a remarkable shift from his previous criminal history. Since 2019, Mr. Norwood has incurred no disciplinary infractions and has completed over 150 hours of programming—a stark contrast considering Mr. Norwood incurred numerous sanctions while serving his previous sentence and during the first four years of incarceration for this offense. Def.'s Mot. 11–12. Mr. Norwood argues

that his desire for a "different life for himself" is self-motivated, and the Court agrees that his recent conduct demonstrates an apparent rehabilitation. *See id*.

However, the Court must consider more than Mr. Norwood's recent behavior when evaluating his Motion. As particularly relevant here, the Court must also consider: (1) the nature and circumstances of the offense; and (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense. 18 U.S.C. §§ 3553(a)(1), (2). Without question, Mr. Norwood's offense was serious and disturbing. For approximately five months, he trafficked a minor, used verbal abuse to keep his victim under his control, and coerced his victim to perform more than 40 commercial sex acts. PSR ¶ 13. Although Mr. Norwood argues that his offense "is no longer indicative of who [he] is today[,]" his recent good conduct does not outweigh his prior bad acts. Def.'s Mot. 12.

## CONCLUSION

The Court does not disregard Mr. Norwood's efforts to rehabilitate himself. On the contrary, the Court encourages Mr. Norwood to continue his current trajectory as he approaches his projected release next September.

Because the § 3553(a) factors weigh against a reduction of his original sentence, Mr. Norwood's Motion to Reduce Sentence (ECF No. 123) is DENIED.

IT IS SO ORDERED.

DATED this  13th  day of August, 2024.

/s/Michael J. McShane
Michael J. McShane
United States District Judge

4 – OPINION AND ORDER